```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
DAVID E. HENDERSON               :     CIVIL ACTION
                                 :
         v.                      :
                                 :
                                 :
NATIONAL RAILROAD PASSENGER      :
CORPORATION ("AMTRAK")           :     NO. 08-4645-JF
```

**MEMORANDUM**

Fullam, Sr. J.                                          June 8, 2009

        The plaintiff's *pro se* complaint alleges that his wallet was stolen at an Amtrak station in Chicago, Illinois, and that the Chicago police told him that he would have to obtain a copy of the police report from Amtrak.  Amtrak has moved to dismiss the action, arguing that the plaintiff previously brought the same lawsuit in Texas (where the plaintiff resides), that Amtrak was not served properly, and that as the police report in question has been provided, the case is moot.  Because the plaintiff already litigated this case in Texas, I will dismiss it on the basis of claim preclusion.

        On May 1, 2008, the plaintiff filed an application to proceed *in forma pauperis* and a complaint in the United States District Court for the Western District of Texas, Civil Action No. EP-08-CA-155-DB.  The complaint in Texas alleged, as does the one here, that on October 18, 2007, the plaintiff's wallet was stolen at an Amtrak station in Chicago, Illinois and that he had been unable to obtain a copy of the report.  The Texas complaint

provided somewhat more detail than the complaint here.  The presiding judge in Texas, the Honorable David Briones, in a memorandum and order dated June 4, 2008, interpreted the complaint as one seeking relief under the Freedom of Information Act, determined that Amtrak was not an agency subject to the Act, and dismissed the complaint on the merits for failure to state a claim upon which relief could be granted.  The plaintiff filed an appeal with the United States Court of Appeals for the Fifth Circuit, which was dismissed for failure to prosecute.

     Because the merits of the plaintiff's complaint have been adjudicated in Texas, the motion to dismiss must be granted.  An order will be entered.

                                        BY THE COURT:

                                        /s/ John P. Fullam
                                        Fullam,          Sr. J.